United States District Court
Southern District of Texas
ENTERED
August 17, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDMOND DOVLA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-4915 |
| | § | |
| MARTIN FRINK, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION AND ORDER**

Shabanah Korab has filed this habeas petition as next of friend to Edmond Dovla ("Petitioner").[1] Petitioner, who is a citizen of Albania, entered the United States on July 18, 2023, without being admitted or paroled.[2] That same day Petitioner was placed in expedited removal proceedings under 8 U.S.C. § 1225(b)(1).[3] On July 28, 2023, Petitioner was found to have a credible fear of returning to Albania.[4] On August 30, 2023, Petitioner was served with a Notice to Appear charging him with removability under 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place

---

[1]Petition for Writ of Habeas Corpus ("Habeas Petition"), Docket Entry No. 1, p. 2. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Response to the Petition for Writ of Habeas Corpus and Motion to Dismiss for Lack of Subject-Matter Jurisdiction and, in the Alternative for Summary Judgment ("Respondent's MTD"), Docket Entry No. 6, p. 2.

[3]Id.

[4]Id.

other than as designated by the Attorney General" and was released on his own recognizance.[5] On October 7, 2025, Petitioner was taken into Immigration and Customs Enforcement custody.[6] On November 7, 2025, an immigration judge pretermitted Petitioner's applications for relief and ordered him removed from the United States to Albania.[7] Petitioner has appealed that decision and remains in immigration custody.[8]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that his detention without a bond hearing violates due process.[9] Also pending before the court is Respondent's Motion to Dismiss (Docket Entry No. 6). Respondent argues that Petitioner is legally detained under § 1225(b)(1) as an alien who was placed in expedited removal proceedings.[10] Petitioner has not filed a reply.

The court lacks subject matter jurisdiction over this action.[11] Next-friend filings will be recognized only when the next-friend (1) "provide[s] an adequate explanation–such as inaccessibility, mental incompetence, or other disability–why the real party in interest cannot appear on his own behalf to prosecute the action," (2) establishes he is "truly dedicated to the best interests

---

[5]Id.; Notice to Appear, Exhibit 1 to Respondent's MTD, Docket Entry No. 6-1, pp. 2, 5.

[6]Respondent's MTD, Docket Entry No. 6, p. 2.

[7]Id. at 2–3.

[8]Id. at 3.

[9]Habeas Petition, Docket Entry No. 1, pp. 3–4. Petitioner also argues that his detention violates Zadvydas v. Davis, 121 S. Ct. 2491 (2001). However, because Petitioner is not under a final order of removal, his Zadvydas claim is premature.

[10]Respondent's MTD, Docket Entry No. 6, p. 1.

[11]Although Respondent does not argue that Korab lacks standing to file this habeas petition as next of friend to Petitioner, "courts have a duty to raise the issue of subject matter jurisdiction sua sponte." Dalton v. State Farm Lloyd's, Inc., 4 F.Supp.3d 859, 861 (S.D. Tex. 2014).

of the person on whose behalf he seeks to litigate," and (3) establishes that he "ha[s] some significant relationship with the real party in interest." Whitmore v. Arkansas, 110 S. Ct. 1717, 1727 (1990). "The burden is on the 'next-friend' clearly to establish the propriety of his status and thereby justify the jurisdiction of the court." Id. Korab fails to allege any of the elements required to represent Petitioner as next of friend. The court therefore lacks subject matter jurisdiction over this action. In re United Operating, LLC, 540 F.3d 351, 354–55 n.1 (5th Cir. 2008) (holding that a lack of standing deprives the court of subject matter jurisdiction because standing is one aspect of the constitutional requirement that a case present an actual case or controversy).

However, even if Korab satisfied the requirements to represent Petitioner as next of friend, Petitioner would not be entitled to relief because the claims raised in Petitioner's Habeas Petition lack merit. Because Petitioner was placed directly in expedited removal proceedings upon his entry into the United States, Petitioner is subject to mandatory detention under § 1225(b)(1). See Carmenaty v. Frink, CIVIL ACTION NUMBER 4:26-cv-01614, 2026 WL 2000112, at *1–*2 (S.D. Tex. May 27, 2026) (explaining mandatory detention under § 1225(b)(1)). This mandatory detention does not violate substantive or procedural due process. As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'" Id. at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721–22 (2003)). Moreover, because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(1) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process. Cruz v. Frink, CIVIL ACTION NO. 4:26-CV-04015, 2026 WL 1847528, at *1 (S.D. Tex. June 26, 2026).

For the reasons explained above, Respondents' Motion to Dismiss (Docket Entry No. 6) is **GRANTED,** and Petitioner's Petition for Writ of Habeas Corpus (Docket Entry No. 1), is **DISMISSED** for lack of subject matter jurisdiction.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 17th day of August, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE